## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOSE M. U.,                                         )
                                                    )
    Plaintiff,                   )
                                                    )
v.                                                  )
                                                    )    Case No. 20-cv-00469-SH
                                                    )
FRANK BISIGNANO,[1]                                 )
Commissioner of Social Security,                    )
                                                    )
    Defendant.                   )

## OPINION AND ORDER

Before the Court is Plaintiff counsel's motion for leave to seek attorney fees under 42 U.S.C. § 406(b) more than eight months after the Commissioner awarded benefits to their client. The Court finds that counsel has failed to file their motion within a reasonable time, and it will be denied.

## Background

Counsel filed the above-captioned social security appeal on Plaintiff's behalf on September 22, 2020. (Dkt. No. 2.) After briefing by the parties, the Court reversed and remanded the Commissioner's decision on February 16, 2022. (Dkt. Nos. 23–24.)

On May 26, 2025, the Commissioner issued a Notice of Award, informing Plaintiff that he was entitled to monthly disability benefits, including past-due benefits in the amount of $197,912.00. (Dkt. No. 35-4 at 3, 6.[2]) Plaintiff's counsel received a copy of the Notice on July 12, 2025. (*Id.* at 1; Dkt. No. 39 at 1.)

---

[1] Effective May 7, 2025, pursuant to Fed. R. Civ. P. 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

[2] Page numbers refer to those in the court-provided header.

On February 2, 2026, Plaintiff's counsel filed a motion seeking $42,278.00 in attorney fees pursuant to both § 406(b) and their contingency fee contract with Plaintiff. (Dkt. No. 35-1.)  That same day, counsel filed a motion under Fed. R. Civ. P. 60(b)(6), asking the Court to find their attorney fee motion "was timely." (Dkt. No. 36 at 2.)

On April 20, 2026, the Court issued an order for counsel to supplement their motion, noting case law indicating that similar motions have been denied where the delay was unexplained or otherwise unreasonable. (Dkt. No. 38 at 1.)  The Court further invited counsel to state whether their client opposed the request for relief. (*Id.* at 2.)  Counsel's supplement confirmed their receipt of the Notice of Award in July 2025—almost seven months before the Rule 60 motion. (Dkt. No. 39 at 1.)  Counsel provided no other explanation for their delay in filing the motion, nor did they provide their client's position on the motion. (*See generally id.*)

**Timeliness of § 406(b) Motion**

A motion for attorney fees normally must be filed within 14 days after the entry of judgment, Fed. R. Civ. P. 54(d)(2)(B), something that is almost assuredly impossible for § 406(b) fees.  This is because the amount of such fees is tied to "the total of the past-due benefits to which the claimant is entitled by reason of such judgment," 42 U.S.C. § 406(b)(1)(A)—something that often cannot be determined until after the Commissioner rehears the plaintiff's case on remand.

To account for this problem, the Tenth Circuit has found that "the best option . . . is for counsel to employ [Rule] 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  In accordance with Rule 60, any fee request under § 406(b) must be filed "within a reasonable time of the Commissioner's decision awarding benefits." *Id.*; *see also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule

60(b) must be made within a reasonable time . . . .).  This ensures "that money rightfully due the claimant is not needlessly withheld for an excessive amount of time." *Vasquez v. Berryhill*, No. CV 14-903 KK, 2018 WL 4685567, at *3 (D.N.M. Sept. 28, 2018) (citation modified).  Whether a motion is timely under Rule 60(b)(6) is "committed to the district court's sound discretion." *McGraw*, 450 F.3d at 505.

Broadly, courts considering the timeliness of fee motions have recognized that those "filed within one to three months of the Notice of Award routinely are found to be timely filed." *See Cox v. Saul*, No. CV 17-2556-JWL, 2021 WL 1238251, at *3 (D. Kan. Apr. 2, 2021) (collecting cases).  "Conversely, motions filed nine months or more after receipt of the Notice have been denied as untimely." *Id.* (collecting cases).  Given "the court's broad discretion in resolving such motions, context matters." *Lambert v. Kijakazi*, No. 21-CV-00002-REB, 2023 WL 2623110, at *1 (D. Colo. Mar. 22, 2023) (citation modified).  "Thus, motions filed well beyond this general time frame have been approved in light of the circumstances of the particular case, while those that fall within the window between three and nine months have been denied where unexplained or otherwise unreasonable." *Id.* (citation modified).

Here, counsel filed the at-issue motions over eight months after the Notice of Award and nearly seven months from counsel's separate receipt of the Notice.  From counsel's filings, it appears they had all the information they needed to file a § 406(b) motion in July 2025.  Little time was needed for preparation of the motion, which is formulaic.  In fact, even the itemization of counsel's time is a document that was previously prepared and filed with the Court back in 2022. (*Compare* Dkt. No. 35-6 *with* Dkt. No. 28-1.)  But no motion was filed until February 2026.  Even in the most complex of litigation, counsel is expected to file their motion for fees (or seek an extension) within

a mere two weeks of judgment, *see* Fed. R. Civ. P. 54(d)(2)(B), so it is hard to comprehend why—in an ordinary case—a social security claimant's attorney could not do so within a few months of their receipt of the Notice of Award.  The Court, however, was cognizant of the importance § 406 fees play in the functioning of the social security appeal process, so it provided counsel an additional opportunity to explain why they did not move for fees sooner.  Counsel declined to offer such an explanation.  Their supplement merely reiterates their legal argument that there is no "bright-line rule of timeliness" and the aged warning to counsel that the reasonable time for Rule 60/§ 406(b) motions "will be considered in terms of weeks or months, not years."  *Bernal v. Astrue*, 611 F. Supp. 2d 1217, 1220 (N.D. Okla. 2009).  Counsel's failure to supply the Court with any new factual information gives the Court no context in which to consider counsel's reasons for delay (or, frankly, any reason at all for the delay).  As such, the delay remains unexplained.

## Conclusion

For these reasons, the Court finds the Rule 60(b) motion was not made within a reasonable time, as required by Rule 60(c)(1).  The motion for relief from judgment will be denied and, as a result, the motion for § 406(b) fees will also be denied.

IT IS THEREFORE ORDERED that *Plaintiff's Attorney's Request for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(6)* (Dkt. No. 36) is **DENIED** and *Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)* (Dkt. No. 35) is **DENIED**.

ORDERED this 26th day of May, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

4